UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDI DAWN NIEVES,<br><br>  Plaintiff,<br><br>  v.<br><br>KATHLEEN ALLISON, e*t al.*,<br><br>  Defendants. | Case No. 1:22-cv-01020-CDB (PC)<br><br>ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL<br><br>(ECF Nos. 3, 10) |

Plaintiff Sandi Dawn Nieves is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983. On August 15, 2022, Plaintiff filed a motion for the appointment of counsel. (ECF No. 3.) As grounds, Plaintiff states that she is indigent and is unable to hire counsel. (*Id.*) Plaintiff filed a duplicate of the motion on September 13, 2022. (ECF  No. 10.)

Plaintiff does not have a constitutional right to appointed counsel in this action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). The district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

///

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

The Court finds that this case does not present the required exceptional circumstances. Even assuming that Plaintiff is not well-versed in the law and that she has made serious allegations that, if proved, would entitle her to relief, this case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes that Plaintiff is at a disadvantage due to her *pro se* status and her incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exceptional circumstances exist, and here, they do not.

At this stage of the proceedings, the Court cannot determine whether Plaintiff is likely to proceed on the merits of her claim. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Also, based on a review of the record in this case, the Court finds that Plaintiff can adequately articulate her claims. Plaintiff is advised that in ruling on any matters, the Court will thoroughly review the record of the case and research the relevant legal standards.

Accordingly, it is HEREBY ORDERED that Plaintiff's motions for the appointment of counsel, (ECF Nos. 3, 10), are DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **October 28, 2022**

UNITED STATES MAGISTRATE JUDGE