UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDI NIEVES,<br><br>            Plaintiff,<br><br>      v.<br><br>KATHLEEN ALLISON, *et al.*,<br><br>            Defendants. | Case No. 1:22-cv-01290-CDB (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>(Docs. 4, 11)<br><br>**FOURTEEN (14) DAY DEADLINE**<br><br>Clerk of Court to assign a District Judge. |

Plaintiff Sandi Nieves is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.  On August 15, 2022, Plaintiff filed the instant motion for a temporary restraining order ("TRO") and preliminary injunction ("injunction"). (Doc. 4.)[1] By separate order, the Court screened Plaintiff's complaint and determined that it fails to state a claim upon which relief can be granted. However, the Court granted Plaintiff leave to file an amended complaint, and the time for her to do so has not yet expired. Because this case lacks an operative complaint and Defendants have not been served, this Court does not presently have personal jurisdiction over Defendants or subject matter jurisdiction over this action.

---

[1] Plaintiff filed the same motion for TRO and injunction on September 13, 2022, with the addition of several exhibits (Doc. 11), which the Court has reviewed and considered in rendering this order.

## I. BACKGROUND

Plaintiff filed a complaint in this action on August 15, 2022. (Doc. 1.) At the same time Plaintiff filed the instant motion seeking a TRO requiring Defendants not to confiscate Plaintiff's property until this matter is decided.

In particular, Plaintiff alleges she purchased a JPay tablet for $120 and approximately $5,000.00 in music, games, a keyboard, books, videos, and electronic stamps, as well as personal photos and emails. (Doc. 1 at 4.) In 2022, CDCR changed its policy to issue GTL tablets and ordered inmates to send out, destroy, or donate their JPay tablets without compensation. *Id.* Additionally, the Secretary of CDCR changed the policy so that inmates could only possess one tablet. Inmates were told they would be able to transfer paid content to the new GTL tablets.

Plaintiff states that she would not have made such purchases had she known that she would not be allowed to keep the JPay tablet or that the tablet was part of a pilot program. (*Id.* at 5.) Plaintiff alleges that the taking of her property without compensation violates her due process rights under the Fourteenth Amendment, the Takings Clause of the Fifth Amendment, fraud, and excessive force. (*Id.* at 3–4.)

Plaintiff alleges she is entitled to a TRO allowing her to retain possession of her tablet pending disposition of the case.

## II. DISCUSSION

### A. Jurisdiction and Rule 65

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009). It may issue preliminary injunctive relief only if personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit have been established. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

Under Rule 65, an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or

participation." Fed. R. Civ. P. 65(d)(2)(A)–(C). The movant must also give "notice to the adverse party" before the Court can issue injunctive relief. *Id.* at 65(a). A putative defendant "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party must appear to defend." *Murphy Bros.*, 526 U.S. at 350. The pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers*, 555 U.S. at 491–93.

Concurrent with this order, the Court has issued a screening order finding Plaintiff's complaint fails to state a claim and affording Plaintiff thirty days to respond to the order. Therefore, at this early stage of the proceedings, this case lacks an operative complaint that can be served on Defendants. Without an operative complaint and service on Defendants, there is no case or controversy before the Court, *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983), and Plaintiff's request for injunctive relief is premature.

### B.   Nexus

The injunctive relief sought must be related to the claims brought in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). In other words, "there must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint." *Id.* at 636 (adopting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). Absent a nexus between the injury claimed in the motion and the underlying complaint, the Court lacks the authority to grant Plaintiff injunctive relief. *Id.* A preliminary injunction only is appropriate when it grants relief of the same nature as that to be finally granted. *Id.* (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

Because Plaintiff's instant request for a TRO and injunction is closely related to the deprivation alleged in the complaint, the request bears the appropriate nexus.

### C.   *Winter* Factors

Even if the motion were properly before the Court, Plaintiff's request for a preliminary injunction must be denied on the merits. A preliminary injunction may issue only if the movant establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her favor; (4) that an

3

injunction is in the public interest. *Winter*, 555 U.S. at 20. The movant bears the burden of satisfying all four prongs. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

The Court has determined that Plaintiff has failed to state a claim under section 1983 primarily because Plaintiff lacks a protected property interest in possessing her JPay tablet while incarcerated at CCWI. Therefore, Plaintiff has not established she is likely to succeed on the merits.

As to the second element, an injunction is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury." *Lyons*, 461 U.S. at 111 (internal quotation marks and citation omitted). Ordinarily, monetary injury is not irreparable. *See L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980); *see also Inv'rs v. Bank of Am., NA*, 585 F. App'x 742, 742 (9th Cir. 2014) (describing the difference between irreparable harm and that which can be "adequately remedied through money damages.").

Although Plaintiff wishes to keep using the JPay tablet, CDCR will provide Plaintiff with a substitute tablet. While Plaintiff asserts that there is no transfer of content from her tablet to the GTL tablet, she does not allege that she ever attempted to do so. Given her request to retain possession of the JPay tablet, it is unclear whether she has been deprived of the purchased content. Plaintiff seeks alternative relief of compensation for the tablet and its contents. Therefore, she does not demonstrate likelihood of *irreparable* injury.

Given the inability of Plaintiff to demonstrate a likelihood of success or a likelihood of irreparable injury, the final two elements for a TRO—whether the balance of equities tips in her favor and whether injunctive relief is in the public's interest—need not be considered. Plaintiff cannot meet all four *Winter* factors, and thus, she has failed to demonstrate on the merits that a TRO or preliminary injunction should issue.

///

///

### III.   CONCLUSION

Accordingly, it is hereby RECOMMENDED that the Court DENY Plaintiff's motion for a temporary restraining order and preliminary injunction (Doc. 4) and DENY as moot Plaintiff's subsequently-filed copy of the motion.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within fourteen (14) days** after being served with these Findings and Recommendations, a party may file written objections with the Court. The document should be titled, "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Clerk of Court is directed to assign a District Judge to this action.

IT IS SO ORDERED.

Dated:   **August 2, 2023**

UNITED STATES MAGISTRATE JUDGE