UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDI NIEVES,<br><br>              Plaintiff,<br><br>   v.<br><br>KATHLEEN ALLISON,<br><br>             Defendant. | Case No. 1:22-cv-01020-ADA-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM**<br><br>(Doc. 21)<br><br>**FOURTEEN (14) DAY DEADLINE** |

      Plaintiff Sandi Nieves is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Following the Court's issuance of its first screening order, on August 25, 2023, Plaintiff filed a first amended complaint against Kathleen Allison, Secretary of CDCR, in her both her individual and official capacities. (Doc. 21.) The other defendants named in Plaintiff's original complaint were not included in the first amended complaint, and, thus, are presumed to have been removed from this action. Otherwise, the first amended complaint is substantively similar to the original complaint, alleging violations of the Fifth Amendment for the abuse of power, fraud, excessive force, and taking of "real property" without compensation; and fraud and excessive force in violation of the Fourteenth Amendment. (*Id*.) Upon screening of the first amended complaint, the Court finds Plaintiff's pleading fails to state a claim upon which relief may be granted and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 28 § 1915A(b)(1).  The Court further finds the deficiencies in the

complaint cannot be cured by amendment and therefore recommends dismissal of this action with prejudice.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner raises claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); 28 U.S.C. § 1915A(b). These provisions authorize the court to dismiss a frivolous *in forma pauperis* complaint *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319, 322 (1989). Dismissal based on frivolousness is appropriate where the claim is "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Id.* at 327. The Court must dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) (citing *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006)).

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). The statement must give the defendant fair notice of the plaintiff's claims and the grounds supporting the claims. *Id.* at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Plausibility does not require probability, but it requires more than the "sheer possibility" of a defendant's liability. *Id.* (quoting *Twombly*, 550

1   U.S. at 556). A claim is plausible when the facts pleaded allow the court to make reasonable
2   inferences that the defendant is liable for wrongful conduct. *Id.* (quoting *Twombly*, 550 U.S. at
3   556). However, courts "are not required to indulge unwarranted inferences." *Metzler Inv. GMBH*
4   *v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 (9th Cir. 2008).

5         The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit
6   of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). This liberal
7   pleading standard applies to a plaintiff's factual allegations but not to his legal theories. *Neitzke*,
8   490 U.S. at 330 n.9. Moreover, a liberal construction of the complaint may not supply essential
9   elements of a claim not pleaded by the plaintiff. *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d
10  1251, 1257 (9th Cir. 1997). The mere possibility of misconduct and facts merely consistent with
11  liability is insufficient to state a cognizable claim. *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret*
12  *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Vague and conclusory allegations of official
13  misconduct are insufficient to withstand a motion to dismiss. *Ivey v. Bd. of Regents of Univ. of*
14  *Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

15        **B.**    **Linkage and Causation**

16        Section 1983 provides a cause of action for the violation of constitutional or other federal
17  rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. Section 1983 "is not
18  itself a source of substantive rights, but a method for vindicating federal rights elsewhere
19  conferred." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (quoting *Baker v. McCollan,*
20  443 U.S. 137, 144 n.3 (1979)).

21        To state a claim under section 1983, a plaintiff must show a causal connection or link
22  between the actions of the defendants and the deprivation alleged to have been suffered by the
23  plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373–75 (1976). The Ninth Circuit has held that a
24  government actor may be liable under section 1983, if he performs an affirmative act, participates
25  in another's affirmative acts, or fails to perform an act which he is legally required to do that
26  causes the prisoner to suffer a deprivation of rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.
27  1978) (citing *Sims v. Adams*, 537 F.2d 829 (5th Cir. 1976)). In addition to direct participation, a
28  government actor may be liable for "setting in motion a series of acts by others which the actor

3

knows or reasonably should know would cause others to inflict the constitutional injury." *Preschooler II v. Clark Cnty. Sch. Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson*, 588 F.2d at 743).

### III.    PLAINTIFF'S ALLEGATIONS[1]

At all relevant times, Plaintiff was housed at Central California Women's Facility ("CCWF"). On September 8, 2022, CDCR took Plaintiff's JPay tablet and accessories without compensation. (Doc. 21 at 3–4.) Plaintiff was forced to turn over her JPay tablet or face a Rules Violation Report. Warden Pallarez, the warden of CCWF, asked Defendant Allison to allow prisoners at CCWF to keep the JPay tablet pursuant to "attrition regulations," but she denied the request and changed the matrix to allow prisoners to have only one tablet, instead of one for entertainment and a second one for communications. Plaintiff argues that the previous policy has been restored and "we're again allowed two tablets," but this "proves her abuse of power." (*Id.*) The JPay kiosks were removed, so even if prisoners were allowed to keep their JPay tablets, they would no longer serve as communications tablets. (*Id.* at 4.)

On June 30, 2022, shortly before 11:30 p.m., Plaintiff received an email through JPay that prisoners could transfer paid content transferred to loaned GTL/ViaPath tablets. (*Id.*) However, as of the filing of Plaintiff's first amended complaint, this has not occurred. According to Plaintiff, Defendant Allison also abused her power by promising incentives that were not realized.

According to Plaintiff's allegations regarding an unrelated lawsuit in state court, GTL/ViaPath was required to end their contract with CDCR within thirty months. (*Id.*) Plaintiff contends that transferring their contents now would be futile.  Plaintiff states that the paperwork given does not state the JPay tablets were part of a pilot program. Allegedly, CCWF is the only prison that made inmates buy the JPay tablets for $120 as "'real property' to own." (*Id.*)  On a daily basis, prisoners were "bombarded with pop-up advertisements via emails," and Plaintiff

---

[1] The Court accepts Plaintiff's allegations in the complaint as true only for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

4

purchased music, games, electronic stamps, 34 books, a keyboard, videos, photos, and emails. Plaintiff states she would not have put such material on the tablet if she had known CDCR would take away the JPay tablet within a few years of owning it. (*Id.*) Plaintiff alleges CDCR was getting kickbacks for the advertising and indiscriminately forcing inmates to give up their property without compensation constitutes fraud and violations of the Fifth and Fourteenth Amendments.

Plaintiff sues Kathleen Allison,[2] former Secretary of California Department of Corrections and Rehabilitation ("CDCR"), in her official and individual capacities, alleging violations of the Fifth Amendment Takings Clause and the Due Process Clause of the Fourteenth Amendment, including the abuse of power, fraud, and excessive force. (*Id.* at 3.) As relief, Plaintiff seeks compensatory damages and attorney's fees and costs.

## IV.  DISCUSSION

### A.  Official v. Individual Capacity Claims

Plaintiff names Defendant Allison in both her official and individual capacities. To the extent Plaintiff is seeking damages, the Eleventh Amendment bars suits for money damages in federal court against state officials in their official capacity. *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). However, it does not bar an official capacity suit for prospective relief, *Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); nor does it bar suit for damages against state officials in their personal capacities. *Hafer v. Melo*, 502 U.S. 21, 30 (1991). "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." *Id.*

A claim for prospective injunctive relief against a state official in his official capacity is not barred by the Eleventh Amendment provided the official has authority to implement the requested relief. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 92 (1989). The proper defendant for injunctive relief in suit seeking implementation of CDCR policy is the CDCR

---

[2] Jeff Macomber began serving as CDCR Secretary on December 28, 2022, replacing Kathleen Allison. Under Rule 25, when a public officer sued in an official capacity leaves office, "[t]he officer's successor is automatically substituted as a party."

1 Secretary in an official capacity. *Rouser v. White*, 707 F. Supp. 2d 1055, 1066 (E.D. Cal. 2010)
2 (citation omitted).

3     The allegations against Defendant indicate that she had the official power to implement
4 or modify CDCR policy regarding the issuance and possession of tablets by prisoners. However,
5 Plaintiff does not request injunctive relief against Defendant. Instead, Plaintiff seeks an award of
6 damages to compensate her for money spent on the JPay tablet, accessories, and contents; and
7 attorney's fees and costs. The claim for damages may only be asserted against Defendant in her
8 individual capacity. Plaintiff does not allege personal involvement in any constitutional
9 deprivation by Defendant Allison sufficient to hold her liable for Plaintiff's losses. The Court
10 informed Plaintiff in its first screening order that Plaintiff's original complaint suffered from the
11 same deficiency. (Doc. 16 at 7.) The first amended complaint fails to state a claim for this
12 reason.

### B. Fifth Amendment Takings Clause

Plaintiff reiterates her claim from the original complaint that Defendants violated the Takings Clause of the Fifth Amendment, which provides, "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V. This right is applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Ward v. Ryan*, 623 F.3d 807, 810 (9th Cir. 2010) (citing *Webb's Fabulous Pharmacies, Inc. v. Beckwith,* 449 U.S. 155, 160 (1980)). A plaintiff must allege that, among other things, her property was taken for a public purpose. *See Kelo v. City of New London, Conn.*, 545 U.S. 469, 477–80 (2005). The first amended complaint indicates the confiscation of Plaintiff's JPay tablet was due to a change in CDCR policy rather than for public use.  The Court informed Plaintiff in its first screening order that Plaintiff's original complaint suffered from the same deficiency. (Doc. 16 at 12.) Under these circumstances, Plaintiff is unable to state a Fifth Amendment takings claim.

### C. Fourteenth Amendment Due Process Clause

Plaintiff alleges the confiscation of her JPay tablet without compensation violated her right to due process under the Fourteenth Amendment. Plaintiff does not appear to raise a facial challenge to the policy's constitutionality and application more broadly, beyond her particular

circumstances. Instead, Plaintiff challenges the policy as applied to her. A policy "may be held constitutionally invalid as applied when it operates to deprive an individual of a protected right although its general validity as a measure enacted in the legitimate exercise of state power is beyond question." *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971), *quoted in Atencio v. Allison*, No. 1:21-cv-00191-BAM (PC), 2021 WL 2982917, at *3 (E.D. Cal. July 15, 2021), *F.&R. adopted*, 2021 WL 4803970 (E.D. Cal. Oct. 14, 2021). To support an "as applied" challenge, Plaintiff must show that her individual circumstances make the general application of the new policy unconstitutional. *See Doe v. United States*, 419 F.3d 1058, 1063 (9th Cir. 2005).

The Fourteenth Amendment protects prisoners from being deprived of property without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Due Process Clause of the Fourteenth Amendment contains both a procedural and substantive component. *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997). "Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property interests' within the meaning of the Due Process clause." *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). "[G]overnmental decisions . . . not directed at one or a few individuals do not give rise to the constitutional procedural due process requirements of individual notice and hearing; general notice as provided by law is sufficient." *Halverson v. Skagit Cnty.*, 42 F.3d 1257, 1260 (9th Cir. 1994). Further, to state a procedural due process claim, a plaintiff must establish "a legitimate claim of entitlement" to the relief sought. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460, 463 (1989).

The substantive component of the Fourteenth Amendment Due Process Clause "forbids the government from depriving a person of life, liberty, or property in such a way that . . . interferes with rights implicit in the concept of ordered liberty," regardless of what type of process is first given. *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 996 (9th Cir 2007). State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Laws do not offend the Due Process Clause when they are

1  rationally related to a legitimate government interest. *Washington v. Glucksberg,* 521 U.S. 702, 722 (1997).

"An authorized, intentional deprivation of property is actionable under the Due Process Clause." *Christ v. Hartley*, No. 1:11-cv-00705-AWI-DLB, 2013 WL 127737, at *3 (E.D. Cal. 2013) (citing *Hudson v. Palmer*, 468 U.S. 517, 532 (1984) (citations omitted)). "An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes." *Id.* (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982)). Therefore, an agency violates the Due Process Clause "when it prescribes and enforces forfeitures of property '[w]ithout underyling [s]tatutory authority and competent procedural protections. *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (quoting *Vance v. Barrett,* 345 F.3d 1083, 1090 (9th Cir. 2003)).

Authorized deprivations are permissible if carried out pursuant to a regulation that is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Legitimate, non-punitive governmental objectives include maintaining security, ensuring a prisoner's appearance in court, and managing the detention facility effectively. *See Jones v. Blanas*, 393 F.3d 918, 932 (9th Cir. 2014) (citing *Hallstrom v. City of Garden City*, 991 F.2d 1473, 1484 (9th Cir. 1993)).

An unauthorized, "negligent or intentional deprivation of a prisoner's property fails to state a due process claim under section 1983 if the state has an adequate post-deprivation remedy." *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing *Hudson*, 468 U.S. at 533). The Government Claims Act, Cal. Gov't Code §§ 810–996.6, provides an adequate post-deprivation remedy for unauthorized loss of property. *See Lopez v. Dion*, 422 F. App'x 590, 591 (9th Cir. 2011) (citing *Barnett*, 31 F.3d at 816–17).

Here, the taking of Plaintiff's JPay tablet was authorized and intentional; therefore, due process concerns are implicated. Ordinarily, due process requires notice and some kind of hearing prior to the deprivation of a property interest. But the Ninth Circuit has specifically rejected the idea that the Due Process Clause requires prior notice before enacting and enforcing laws of general applicability. "[G]overnmental decisions which affect large areas and are not

directed at one or a few individuals do not give rise to the constitutional due process requirements of individual notice and hearing; general notice as provided is sufficient." *Rhoden v. Dep't of State Hosps.*, No. 1:18-cv-00101-NONE-SAB (PC), 2020 WL 5737019, at *12 (E.D. Cal. Mar. 20, 2020) (quoting *Halverson*, 42 F.3d at 1260 (9th Cir. 1995)), *F&R adopted*, 2020 WL 4048489. Here, Plaintiff's allegations reflect that she had general notice of the JPay repurposing plan in advance of relinquishing her tablet (*see* Doc. 21 at 3-4) and given an adequate opportunity to comply with it." *Greene*, 648 F.3d at 1019 (citing *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974))

Prisoners generally have a protected interest in their personal property. *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). However, California law provides for regulation of allowable personal property of prison inmates. Cal. Code Regs. tit. 15 § 3190. "[T]here is a difference between the right to own property and the right to possess property while in prison.'" *Velasquez v. Ahlin*, No. 1:18-cv-00053-LJO-SAB (PC), 2018 WL 1959541, at *8 (E.D. Cal. Apr. 25, 2018) (quoting *Searcy v. Simmons*, 299 F.3d 1200, 1229 (10th Cir. 2022)).

Plaintiff does not have a protected property interest in possessing her tablet and accessories while incarcerated at CCWI.

> Plaintiff cannot allege a fundamental right in possession of a particular type of electronic device. Plaintiff does not have a fundamental right to possess a SD card for a music player. Deprivation of this type of inmate property is not a fundamental right. Regulations enacted to protect institutional security from potential breaches that electronic communications devices pose within the institutions are permissible regulations by the demanding substantive due process legal standards.

*Atencio v. Allison*, No. 1:21-cv-00191-BAM (PC), 2021 WL 2982917, at *4 (E.D. Cal. 2021); s*ee Rhoden*, 2020 WL 5737019, at *2, 11 (finding civil detainee had failed to state a due process claim because he had no protected liberty interest to own "electronic and storage devices (personal laptop computer, tablet, other electrical devices . . . )"); *Osaki v. San Bernardino Cnty. Sheriff Dep't*, 2023 WL 4291851, at *8 (C.D. Cal. May 26, 2023) (finding that inmate did not have a protected right to possess phones, tablets, and keys allegedly seized improperly while incarcerated). *See Cerniglia v. Price*, No. 17-cv-00753-AWI-JLT (PC), 2017 WL 4865452,

at *3–4 (E.D. Cal. Oct. 27, 2017) ("No court has found that prisoners have a constitutional right to possess personal computers or items that are similar to personal computers which are capable of accessing the internet in their cells.")

Without a liberty interest in the JPay tablet and its contents, Plaintiff is unable to state a claim for the denial of due process under the Fourteenth Amendment.

### D.     Excessive Force

Plaintiff has alleged the use of excessive force as part of her claims raised under the Fifth and Fourteenth Amendments. However, claims of excessive force fall within the Eighth Amendment's prohibition on "cruel and unusual punishments." U.S. Const. amend. VIII. "It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  The "unnecessary and wanton infliction of pain" on prisoners "constitutes cruel and unusual punishment."  *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks and citation omitted).  "Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." *Farmer*, 511 U.S. at 834 (internal quotation marks and citation omitted).

A correctional officer engages in excessive force in violation of the Eighth Amendment if he (1) uses excessive and unnecessary force under all the circumstances; and (2) harms an inmate for the purpose of causing harm, rather than in a good-faith effort to maintain security. *Hoard v. Hartman*, 904 F.3d 780, 788 (9th Cir. 2018); *see Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992) ("[W]henever prison officials stand accused of using excessive physical force . . . the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.").  When determining whether the force was excessive, the Court looks to the extent of the injury suffered by an inmate; the need for use of force; the relationship between the need for force and the amount of force used; whether

prison officials reasonably perceived the threat as requiring the use of force; and whether officials made any efforts to use a less forceful response. *Hudson*, 503 U.S. at 7 (quoting *Whitley*, 475 U.S. at 321).

In this case, the factual allegations make no mention of physical contact or the use of any force to confiscate Plaintiff's tablet. As articulated in the Court's first screening order with respect to Plaintiff's original complaint (Doc. 16 at 13), the amended complaint fails to state a claim for the use of excessive force and cruel and unusual punishment in violation of the Eighth Amendment.

**E.     Fraud**

Similar to her pleading in the original complaint, Plaintiff alleges Defendant used fraud to violate Plaintiff's constitutional rights. Fraud is a state law claim. Violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under section 1983. *Ramirez v. CDCR*, No. 1:19-cv-01688-GSA-PC, 2020 WL 6158145, at *5 (E.D. Cal. Oct. 21, 2020)). California's Government Claims Act requires that a claim against the State or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Superior Ct. of Kings Cnty. (Bodde)*, 32 Cal.4th 1234, 1245 (Cal. 2004). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. *Id.*

Plaintiff seeks a full refund of all money she spent on the JPay tablet and its purchased contents. The proper means for her to seek reimbursement for personal property is first to submit a claim with the state before filing suit in federal district court. Plaintiff has not done so, and her claim for fraud must be dismissed.

**V.     CONCLUSION**

After carefully considering Plaintiff's allegations, the Court finds that the first amended complaint fails to state a claim on which relief may be granted. Plaintiff has not sufficiently

alleged any facts that can support claims of constitutional violations by Defendants. Dismissal of a pro se complaint without leave to amend is proper only if it is "absolutely clear that no amendment can cure the defect." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212–13 (9th Cir. 2012)); *see Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

Based upon the facts alleged and Plaintiff's failure to remedy the same or near same deficiencies identified in the Court's first screening order, the Court further finds that the deficiencies cannot be cured by amendment, and further leave to amend would be futile. *See Lopez*, 203 F.3d at 1130; *Noll v. Carlson*, 809 F.2d 1446, 1448–49 (9th Cir. 1987).

Accordingly, it is hereby RECOMMENDED:

1. The Court DISMISS this action WITH PREJUDICE for failure to state a claim upon which relief can be granted; and
2. Direct the Clerk of Court to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be titled, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 13, 2023**

UNITED STATES MAGISTRATE JUDGE