UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDI NIEVES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALLISON, *et al.*,<br><br>　　　　Defendants. | Case No. 1:22-cv-01020-ADA-CDB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL AND GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS<br><br>(Docs. 22, 23)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Sandi Nieves is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983.

**I.    Introduction**

On September 13, 2023, the Court screened Plaintiff's first amended complaint ("FAC") and issued findings and recommendations to dismiss this action for failure to state a claim upon which relief can be granted. (Docs. 21, 22.) The Court advised Plaintiff she could file objections to the findings and recommendations within fourteen days, or by September 27, 2023. (Doc. 22.)

On September 21, 2023, Plaintiff filed a pleading styled as "Objection to Magistrate Judges Findings and Recommendations." (Doc. 23.) Plaintiff argues the Court has a "definite upper hand with all issues" and an "unfair advantage" over her; she has "plenty of evidence,

merit, proof, case laws, amendment violations, etc."; and is allowing Defendant Allison to "get away with her abuse of power, fraud, thievery, to prisoners such as [Plaintiff]." (*Id.*) However, Plaintiff does not address or dispute the factual findings of the magistrate judge. Particularly in light of her limited access to the law library, Plaintiff instead requests the appointment of counsel and an "extension of 90 days," presumably to file substantive objections to the findings and recommendations.

## II.     Appointment of Counsel

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). The district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court seeks volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted). A likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff merely has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief.

The Court must also evaluate Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Id.* Plaintiff has prosecuted his claims competently and advanced his case towards trial. Specifically, a review of the docket reflects Plaintiff has articulated a broad array of thoughtful arguments in connection with discovery and merits-based motions and oppositions. Therefore, Plaintiff has been able to articulate his claims in light of their complexity. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good

understanding of the issues and the ability to present forcefully and coherently his contentions"). While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist. As further addressed below, here, exceptional circumstances are not present.

There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Id*. For this reason, in the absence of counsel, federal courts employ procedures that are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" that might warrant the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). *See Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal. Jan. 11, 2021) ("Although Plaintiff is proceeding pro se and is incarcerated, he faces the same obstacles all pro se prisoners face").

The Court has screened the original and FAC and finds this case does not present serious or exceptional circumstances. Other pending or closed cases in this Court also concern the forfeiture of JPay tablets and associated monetary losses. *E.g.*, *Gosztyla v. Allison*, No. 1:22-cv-00763-JLT-HBK (PC), 2023 WL 5353714, at *1 (E.D. Cal. Aug. 21, 2023), *F.&R. adopted*, 2023 WL 5806982 (E.D. Cal. Sept. 7, 2023); *Reid v. Allison*, No. 1:22-cv-1437-JLT-CDB (PC), 2023 WL 2143196, at *1 (E.D. Cal. Feb. 21, 2023), *recon. denied*, 2023 WL 2277538 (E.D. Cal. Feb. 28, 2023); *Ripple v. Cal. Dep't of Corr. & Rehab.*, No. 1:22-cv-01102-HBK (PC), 2022 WL 16573690, at *1 (E.D. Cal. Nov. 1, 2022), *F.&R. adopted*, 2023 WL 2088352 (E.D. Cal. Feb. 17, 2023). The Court's determination that the FAC fails to state a claim is not due to complexity of

the case nor an inability to articulate the claims. Even under a liberal construction, the underlying factual allegations simply do not support Plaintiff's claims of constitutional violations.

Because this case does not present extraordinary circumstances and Plaintiff is able to articulate her claims, the Court declines to seek and request voluntary counsel on Plaintiff's behalf. Accordingly, Plaintiff's request for court-appointed counsel is denied.

**III.    Extension of Time**

In conjunction with the request for a court-appointed attorney, Plaintiff seeks a ninety-day extension of time, presumably for such attorney to review Plaintiff's case and file objections on her behalf. Because Plaintiff must continue to represent herself, a three-month extension of time is unwarranted.

In its findings and recommendations, the Court provided Plaintiff with applicable legal standards, which she can use for guidance when preparing her objections. Nonetheless, given Plaintiff's limited access to the law library and her pro se status, the Court will grant Plaintiff thirty days to file objections to the findings and recommendations of September 13, 2023. (Doc. 22.)

**IV.    Conclusion**

Accordingly, it is hereby ORDERED:

1. Plaintiff's request for the appointment of counsel is DENIED;
2. Plaintiff's request for an extension of time is GRANTED in part; and

*Remainder of This Page Intentionally Left Blank*

3. **Within thirty (30) days** from the date of service of this Order, Plaintiff may file objections to the findings and recommendations for the assigned District Judge's consideration.

**Failure to comply with this Order may result in the Court's consideration of the findings and recommendations of September 13, 2023, without objections or further input from Plaintiff.**

IT IS SO ORDERED.

Dated:   **September 25, 2023**                    _____
                                                    UNITED STATES MAGISTRATE JUDGE