UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDI NIEVES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KATHLEEN ALLISON, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:22-cv-01020-KES-CDB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PLAINTIFF'S MOTIONS FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION<br><br>(Docs. 4, 11, 19) |

　　　　Plaintiff Sandi Nieves is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed under 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On August 2, 2023, the assigned magistrate judge issued findings and recommendations to deny Plaintiff's motions for a temporary restraining order and preliminary injunction. Doc. 19. The magistrate judge found that Plaintiff failed to meet the requirements of Federal Rule of Civil Procedure 65(a)(1) and that the Court lacked jurisdiction over non-parties; further, the magistrate judge found Plaintiff failed to satisfy the factors for the issuance of injunctive relief under *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). *Id*. at 2–4. The magistrate judge advised Plaintiff that she could file written objections to the findings and recommendations within fourteen days. *Id*. at 5. On August 25, 2023, Plaintiff filed

untimely objections.  Doc. 20.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a de novo review of this case.  In her objections, Plaintiff asserts she timely filed her objections, that she has stated a proper claim for relief, and that the court has jurisdiction.  Doc. 20 at 1.  She indicates the motion for a temporary restraining order is now moot because CDCR staff removed her JPay tablet on September 8, 2022.  *Id.* at 2.  She asserts the motion for a preliminary injunction is warranted on account of CDCR's failure to adhere to several constitutional provisions, including the Fifth and Fourteenth Amendments.  *Id.*  She asserts some of the same arguments she provided in her initial motion, i.e., that she is indigent and entitled to compensation for the loss of her JPay tablet; that she suffered irreparable harm from the loss of $5,000 in funds used toward content for the JPay tablet, in addition to losing photos and messages stored on the JPay tablet; and that none of these stored items were transferred to the new GTL/Viapath tablets provided by the prison.  *Id.*

The magistrate judge correctly found that Plaintiff's motion for injunctive relief must be denied on the merits.  Plaintiff does not have a fundamental right to possess a particular tablet.  *Gosztyla v. Allison*, 2023 WL 5353714, * 3 (E.D. Cal. Aug. 21, 2023), *findings and recommendations adopted* by 2023 WL 5806982 (E.D. Cal. Sep. 7, 2023).

Plaintiff alleges that she will suffer irreparable harm, and that she seeks more than simply monetary relief.  Plaintiff has identified the loss of her personal photos and mementos from the confiscated JPay device and appears to seek the return of those items.  *See generally* Doc. 20 at

---

[1] Plaintiff's filing indicates she received the findings and recommendations on August 8, 2023, and mailed her objections within fourteen days of that date on August 22, 2023.  Doc. 20 at 7.  However, the docket reflects that Plaintiff was served with the findings and recommendations on August 2, 2023.  For pro se parties, mail service of documents on a pro se party is complete "when served," and service at the last-known address is fully effective.  *See* L.R. 135(e), 182(d).  Under Federal Rule 6(d), the recipient of papers served by mail is granted three additional days in which to respond.  Fed. R. Civ. P. 6(d).  Thus, under the prison mailbox rule, Plaintiff was required to hand her objections to prison authorities by Monday, August 21, 2023 (three days plus fourteen days from August 2, 2023, falls on Saturday, August 19, 2023, and under Federal Rule 6, the actionable period runs to the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C)).

3. However, given that Plaintiff cannot show a likelihood of success on the merits, she is not entitled to a preliminary injunction. Accordingly, Plaintiff's objections do not undermine the magistrate judge's analysis.

Having carefully reviewed the file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on August 2, 2023 (Doc. 19), are ADOPTED IN FULL; and

2. Plaintiff's motions for a temporary restraining order and preliminary injunction (Docs. 4, 11) are DENIED.

IT IS SO ORDERED.

   Dated:   November 25, 2024

UNITED STATES DISTRICT JUDGE